2008 OK 59

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Robert E. FRAZIER, III, Respondent.**

**SCBD No. 5418.**

Supreme Court of Oklahoma.

June 17, 2008.

Janna Dunagan Hall, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Robert E. Frazier, III, Tulsa, OK, pro se.

¶ 1 Respondent, Robert E. Frazier III, has tendered his resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings. The Bar has filed an application for approval of respondent's resignation.[1] Upon consideration of this matter, we find:

1) On May 14, 2008, Respondent executed his resignation pending disciplinary proceedings.

2) Respondent's resignation was freely and voluntarily tendered; he was not subject to coercion or duress; he was fully aware of the consequences of submitting his resignation. Respondent states that although he is aware that the resignation is subject to the approval of the Oklahoma Supreme Court, he will treat it as effective on the date and time of its execution. Rule 8.1, Rules Governing Disciplinary Proceedings

---

1. On May 2, 2008, before the Resignation Pending Disciplinary Proceedings was executed and pursuant to Rule 7, RGDP, the Office of General Counsel forwarded to the Chief Justice certified copies of:
(A) a Judgment and Sentence filed May 1, 2008 in *State of Oklahoma v. Robert Eugene Frazier, III*, District Court of Tulsa County, State of Oklahoma, Case No. CF–2006–3638, and
(B) an Information filed on August 4, 2006 in *State of Oklahoma v. Robert Eugene Frazier, III*, District Court of Tulsa County, State of Oklahoma, Case No. CF–2006–3638.

These documents evidence that Respondent was sentenced on April 30, 2008, after he was found guilty and convicted on three counts of Domestic Assault and Battery–2nd Offense in violation of 21 O.S. § 644(C). Respondent was also charged with Feloniously Pointing a Weapon in violation of 21 O.S. § 1289.16 and was found not guilty. The Judgment and Sentence reflects that Respondent shall serve three concurrent terms of four (4) years and pay a fine in the amount of $500 for each count and $250 for each count to the Victims Compensation Fund.

(RGDP), 5 O.S.2001, Ch. 1, App. 1–A (Supp.2008).

3) Respondent is aware the following grievances have been lodged with the Office of the General Counsel and that investigations are proceeding with regard to these matters:

(A) Grievance filed by Mary Fields alleging that Respondent took a $2,500 retainer, he failed to timely prosecute her case and her case was dismissed. After her case was refiled, Ms. Fields had to file responses on her own because Respondent failed to do so. Respondent also failed to respond to the allegations in this grievance.

(B) The General Counsel alleged that Respondent failed to appear as counsel for the mother in an alleged failure to protect a child from abuse case in front of Associate District Judge Duane Woodliff in Okmulgee County District Court. Respondent told Judge Woodliff he was appearing before another judge. Judge Woodliff confirmed with Tulsa County Special Judge Clifford Smith that Respondent had not appeared timely for a preliminary hearing before Judge Smith. When Respondent finally appeared before Judge Smith, he told Judge Smith that he needed to go to Okmulgee County on another matter. Respondent then waived his client's preliminary hearing and left the courtroom.

In the Okmulgee County case, when questioned about the living arrangements of the mother of the child who was the basis for the matter before Judge Woodliff, Respondent perjured himself. Respondent was living with his client at the time of the representation and Judge Woodliff made Respondent a witness as the living conditions of the child were at issue. Furthermore, Respondent failed to respond to the allegations in this grievance.

(C) Grievance filed by Jeri Higgins alleges that she paid Respondent $700 and signed a contract for Respondent to visit with her brother, Everett Jackson, who was incarcerated in the David Moss Detention Center. Thereafter, Respondent failed to visit Mr. Jackson and failed to appear at hearings scheduled in the matter.

4) Respondent is aware that, if proven, the alleged conduct in the above-referenced grievances would constitute violations of Rules 1.3, 1.4, and 5.2, RGDP, and Rules 1.1, 1.2, 1.3, 1.4, 1.5, 1.15, 1.16, 3.2, 3.3, 3.4, 3.7, 4.1, 8.1, and 8.4(a)(b) and (d), Oklahoma Rules of Professional Conduct, 5 O.S. Supp.2008, Ch. 1, App. 3–1, and his oath as an attorney. Respondent waives any and all right to contest these allegations.

5) Respondent is aware that, pursuant to Rule 8.2, RGDP, either the approval or disapproval of this resignation is within the discretion of the Oklahoma Supreme Court.

6) Respondent has familiarized himself with the provisions of Rule 9.1, RGDP, and agrees to comply with all provisions of Rule 9.1 within twenty days following the date of his resignation.

7) Respondent acknowledges and agrees that in order to be reinstated to the practice of law, he may do so in full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and may make no application for reinstatement prior to the expiration of five (5) years from the effective date of the Order approving this Resignation Pending Disciplinary Proceedings.

8) Respondent agrees to reimburse the Bar Association should the Bar pay out any funds to his former clients through the Client Security Fund. Should any funds be paid through the Client Security Fund, Respondent agrees to reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

9) Respondent's name and address are shown by the records maintained by the Oklahoma Bar Association, as follows:

Robert E. Frazier, III,

1622 S. Lewis Place

Tulsa, OK 74014 and

Robert E. Frazier, III, DLM 0167096

c/o David L. Moss Criminal Justice Center

300 N. Denver

Tulsa, OK 74103

10) Respondent was admitted to practice law in Oklahoma on April 21, 2000, and his OBA # is 18620. Respondent states that

he has lost his bar card and if he locates it, he will provide it to the Office of the General Counsel immediately.

11) Respondent acknowledges and agrees that he will cooperate with the Office of the General Counsel in providing his current contact information and identifying any active cases wherein client documents and files need to be returned to the client or forwarded to new counsel and any fees or funds owed to his clients and the amount owed.

12) Respondent acknowledges the Oklahoma Bar Association has incurred costs in the investigation and prosecution of the above-stated matters; however, those costs have been waived by the Oklahoma Bar Association.

¶2 **IT IS THEREFORE ORDERED** that: Complainant's application and Respondent's resignation be approved; that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this order; that Respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings; and that Respondent reimburse the Client Security Fund of the Oklahoma Bar Association, including interest at the statutory rate, should it pay any funds to his former clients for claims made due to his alleged misconduct.

/s/ James Winchester
Chief Justice

WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, OPALA, KAUGER, WATT, TAYLOR, COLBERT, JJ., concur.